AGRISTOR CREDIT CORPORATION, A FOREIGN CORPORATION, APPELLEE, V. FERNAN RADTKE AND ESTELLA L. RADTKE, DEFENDANTS AND THIRD-PARTY PLAINTIFFS, APPELLANTS AND CROSS-APPELLEES, PLATTE VALLEY HARVESTORE, INC., A CORPORATION, THIRD-PARTY DEFENDANT, APPELLEE AND CROSS-APPELLANT, A. O. SMITH HARVESTORE PRODUCTS, INC., A CORPORATION, THIRD-PARTY DEFENDANT, APPELLEE.

356 N.W.2d 856

Filed September 28, 1984.   No. 83-522.

William H. Sherwood of Sherwood & Cuypers, and Patricia E. Dodson of Dodson & Dodson, for appellants.

Barlow, Johnson, DeMars & Flodman, for appellee AgriStor Credit Corporation.

Tye, Hopkins & Williams, for appellee A. O. Smith Harvestore Products, Inc.

Jeffrey Jacobsen of Jacobsen, Orr & Nelson, and Richard G. Kopf of Cook & Kopf, P.C., for appellee Platte Valley Harvestore, Inc.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Defendants Fernan Radtke and Estella L. Radtke, husband and wife, appeal a deficiency judgment in favor of plaintiff, AgriStor Credit Corporation (AgriStor), arising out of a replevin suit. Third-party defendant Platte Valley Harvestore, Inc. (Platte Valley), appeals a $15,800 judgment in favor of the Radtkes as third-party plaintiffs for negligent performance of its duties under a contract for the sale of a silo.

The Radtkes operated a farm and a dairy near Hendley, Nebraska. Shortly before April 1977, they were contacted by a salesman for Platte Valley, Lexington, Nebraska. The salesman told the Radtkes that if they were to install and use a "Harvestore" silo to store feed for their dairy herd, they could expect an increase in milk production to more than justify the

cost of the silo. The Harvestore is manufactured by A. O. Smith Harvestore Products, Inc. (A.O.S.H.P.), a subsidiary of A. O. Smith, Inc.

Harvestore is the trade name of a vertical silo-type feed grain farm storage facility. One feature is the minimum presence of oxygen. Units are assembled onsite. The Harvestore unit in question here was a used 1969 model acquired and rebuilt by Platte Valley. Some new parts were required, including an unloader and 5-horsepower motor.

On April 17, 1977, Platte Valley's sales manager helped the Radtkes prepare a credit application which was submitted to plaintiff, a credit company affiliate of A. O. Smith, Inc. The credit application was reviewed by AgriStor and the loan was approved. On April 27, 1977, a sales agreement for the used Harvestore was executed by the Radtkes as buyers and with Platte Valley as seller; the $62,460.05 sale price was financed over a 108-month period at 12 percent interest; the installment sales contract was assigned by Platte Valley to AgriStor on May 4, 1977. Both the sales agreement and installment contract contain disclaimers of express warranty and implied warranties of fitness and merchantability.

On July 6, 1977, a certificate of completion stating that the Harvestore was satisfactorily installed was signed by the Radtkes and sent to AgriStor. The Radtkes claimed, and the evidence shows, that after the Harvestore was placed into use, milk production dropped dramatically. They made no payment on the installment contract until June of 1978, although the first payment was due in September of 1977. Thereafter, their monthly payments were regularly in default.

After the Radtkes noticed the drop in milk production, they contacted the Platte Valley salesman who had sold the Harvestore to them. He recommended that the Radtkes make a change in the feed. The salesman also suggested that the well water be tested, and as a result of the test recommended that they haul water from other wells to their cattle, as the waters tested indicated a high nitrate level. The feed changes and new water did nothing to improve the milk production. Two veterinarians testified that the problem with the milk production was nutritional, i.e., a protein deficiency. One of

the veterinarians and another expert witness testified that the nutritional deficiency was the result of heat damage to the hay placed in the Harvestore.

Because of the Radtkes' payment defaults, AgriStor brought a replevin action in October of 1980. An order of delivery was issued on December 4, 1980. On December 22, 1980, a letter from AgriStor was delivered to the Radtkes informing them that the Harvestore would be sold by private sale on or after December 30, 1980. On December 30 AgriStor sold the Harvestore to Platte Valley for $50,000, and Platte Valley removed it from the Radtke farm in early 1981.

The present case was instituted by AgriStor for a deficiency judgment against the Radtkes. The Radtkes' answer includes a defense of breach of warranties. They cross-claimed against AgriStor for negligence and breach of warranty. The trial judge ruled that the implied warranty of merchantability was waived by the conspicuous disclaimer, and the express warranties, if any, were excluded by the parol evidence rule. The cross-claim was dismissed at the close of the Radtkes' case.

On May 6, 1981, the Radtkes filed a third-party petition and supporting motion naming A.O.S.H.P. and Platte Valley as third-party defendants, alleging negligence and breach of warranty. Over objection, the court granted leave to file the petition on July 14, 1981. Third-party defendants objected to the subject matter jurisdiction as being contrary to Neb. Rev. Stat. § 25-331 (Reissue 1979). Upon the completion of the evidence the trial court dismissed the warranty issue and allowed the negligence claim to go to the jury.

The jury returned a verdict against the Radtkes for $46,157.11 in AgriStor's deficiency action. The jury also returned a $15,800 special verdict against third-party defendant Platte Valley, finding that its negligence contributed to the Radtkes' milk loss, extra worktime, and the cost of obtaining water. The jury found in favor of third-party defendant A.O.S.H.P.

The Radtkes assign three errors: (1) Dismissal of their third-party claim for breach of warranty, (2) dismissal of their cross-petition against AgriStor, and (3) overruling of their motion for directed verdict and motion for judgment

notwithstanding the verdict as against AgriStor.

Platte Valley cross-appeals, alleging several errors; among them a claim that the district court improperly allowed the third-party petition to be filed. We discuss this assignment of error first.

Section 25-331 provides in part:

At any time after commencement of the action, a defendant, as a third-party plaintiff, may *cause a summons to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him*. The third-party plaintiff must obtain leave of the trial court on motion upon notice to all parties to the action before filing a third-party complaint. When authorized by the trial court the person served with the summons, hereinafter called the third-party defendant, shall have all the rights of a defendant including the rights authorized by this section.

(Emphasis supplied.)

Prior to trial, Platte Valley filed a motion for dismissal, alleging that the trial court lacked subject matter jurisdiction because of noncompliance with § 25-331. The motion was overruled.

*Church of the Holy Spirit v. Bevco, Inc.*, 215 Neb. 299, 338 N.W.2d 601 (1983), recently discussed our third-party practice rules, including:

The policy underlying third-party practice is to avoid circuity of actions and multiplicity of suits, as well as to expedite the resolution of secondary actions arising out of or as a consequence of the same facts involved in the action originally instituted. See *Colton v. Swain*, 527 F.2d 296 (7th Cir. 1975). The basic function of third-party practice is the original defendant's seeking to transfer to the third-party defendant the liability asserted by the original plaintiff.

*Id.* at 306-07, 338 N.W.2d at 606.

"A third-party claim may be asserted . . . only when third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant." 6 C. Wright & A. Miller, Federal

Practice and Procedure: Civil § 1446 at 246 (1971).

Availability and proper use of third-party practice was described in *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751-52 (5th Cir. 1967), as "only in cases where the third party's liability was in some way derivative of the outcome of the main claim. In most such cases it has been held that for impleader to be available the third party defendant must be 'liable *secondarily* to the original defendant in the event that the latter is held liable to the plaintiff.' . . . Stating the same principle in different words, other authorities declare that the third party must necessarily be *liable over* to the defendant for all or part of the plaintiff's recovery . . . or that the defendant must attempt to *pass on* to the third party all or part of the liability asserted against the defendant . . . ."

*Id.* at 306, 338 N.W.2d at 605-06.

When the Radtkes presented their third-party petition, the trial judge had discretion to permit its filing only if the motion or other accompanying pleadings complied with § 25-331, particularly that a named third-party defendant "is or may be liable to him for all or part of the plaintiff's claim against him."

The Radtkes' motion and third-party petition neither allege nor advance the theory that both or either of the third-party defendants may be liable to the Radtkes for all or a part of plaintiff's claim for a deficiency judgment against the Radtkes or that the Radtkes are attempting to pass on to either of them the Radtkes' possible liability to plaintiff on the theory of either indemnity or contract. On the contrary, the amended petition alleges that the named third-party defendants were liable to the Radtkes on two causes of action, (1) their breach of warranty and (2) their negligence. This was also their theory of recovery during trial. Neither of these two alleged causes of action are related in any way to the main claim of AgriStor against the Radtkes for a deficiency judgment.

It was error for the trial court to permit the filing of the third-party petition, and it is dismissed.

It is not necessary to discuss Platte Valley's other assigned errors concerning an evidentiary question and the running of the statute of limitations.

Due to the dismissal herein of the Radtkes' third-party petition, it is not necessary to address their first assignment of error, since it concerns their third-party petition against Platte Valley and A.O.S.H.P., third-party defendants.

Turning to the Radtkes' second assignment, they claim error in the dismissal of their cross-petition. At the close of the Radtkes' evidence, AgriStor made a motion to dismiss the Radtkes' cross-petition and an alternative motion to direct a verdict on the Radtkes' cross-petition, because the evidence did not show that AgriStor ever made any warranties or acted negligently. The trial court granted the final motion and dismissed the Radtkes' cross-petition against AgriStor.

The installment contract assigned to AgriStor by Platte Valley included:

> 14. CONSENT TO ASSIGNMENT. Seller intends to assign this contract to the assignee named on the face hereof. Buyer hereby consents to such assignment and to the extent permitted under the Governing Law agrees not to assert against said assignee any claim or defense which he may have against Seller or Manufacturer; and upon receipt of notice thereof, to pay said Deferred Payment Price and any other amount due hereunder without deduction, counter-claim, or offset of any kind to said assignee at its office designated on the face hereof. . . .

The Radtkes' main argument is that the assignee, AgriStor, cannot claim the benefits of the consent to assignment clause because it is "closely connected" with A.O.S.H.P., the manufacturer of Harvestores, and with the seller-dealer, Platte Valley; therefore, it is not a good faith holder without notice, as in Neb. U.C.C. § 9-206(1) (Reissue 1980), which provides in part:

> Subject to any statute or decision which establishes a different rule for buyers of consumer goods, an agreement by a buyer that he will not assert against an assignee any claim or defense which he may have against the seller is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense . . . .

> [C]lose-connectedness exists when it has been shown that the assignee has 1) a substantial voice in, or control of, or a vested interest in the underlying transaction, or 2) if the assignee has knowledge of the particular transaction or of the way the seller does business, so that he knows of claims the buyer has against the seller. . . . The mere fact that the assignee supplied the forms to the seller or was a corporation formed by a manufacturer to finance sales of its products is not enough to establish the close connection required for application of the doctrine.

*Valmont Credit Corp. v. McIlravy*, 344 N.W.2d 691, 694 (S.D. 1984).

At most, the evidence shows that plaintiff and A.O.S.H.P. are each a subsidiary of a parent company, A. O. Smith, Inc., each having some board of directors members in common; that Platte Valley is a dealer but not a franchised dealer for A.O.S.H.P.; and that, sometimes, Platte Valley submits customer credit applications to plaintiff, using forms furnished by it. There is neither evidence nor a reasonable inference that plaintiff either participated in the sale negotiations except as creditor or that it had notice of any claimed warranties or defenses. The cross-petition was properly dismissed.

The Radtkes' third assignment is that the district court erred in overruling the Radtkes' motion for directed verdict and motion for judgment notwithstanding the verdict as against AgriStor (deficiency judgment), claiming that notice of the sale of the Harvestore was not given prior to the sale; that, as a matter of law, the sale of collateral was not in good faith nor conducted in a commercially reasonable manner as required by Neb. U.C.C. § 9-504(3) (Reissue 1980).

The trial court instructed the jury that prior to allowing AgriStor to recover on its deficiency, it must find a minimum of 3 business days' notice of the sale and that the sale was made in good faith and was commercially reasonable. The evidence fully supported the jury verdict on these issues.

Plaintiff's evidence showed that the best method to resell Harvestores was through a Harvestore agency because ultimate reuse or resale requires dismantling, repair, new parts, and new assembling that all required special equipment. Public sales

produced poor results. Plaintiff furnished all required new parts and offered an attractive short-term loan. All of the evidence was that the $50,000 price was fair. The Radtkes produced no contrary evidence.

Lastly, the Radtkes claim that the sale of the Harvestore was made prior to notice. The sale terms were negotiated on December 18 or 19, 1980, by AgriStor with Platte Valley to buy the collateral. On December 18 a letter was sent to, and on December 22, 1980, received by, the Radtkes, informing them that the collateral would be sold on or after December 30 and that they could purchase the collateral by tendering the amount of $79,239.40. AgriStor's attorney then sent a promissory note and security agreement to Platte Valley, instructing it to execute the documents on December 30, 1980, which was done.

The term "sale" is defined in Neb. U.C.C. § 2-106 (Reissue 1980) as "the passing of title from the seller to the buyer for a price." The negotiations concerning the sale relate to good faith, which was a jury question.

On a motion for a directed verdict the party against whom the motion is directed is entitled to have all disputed facts decided in its favor and the benefit of every reasonable inference. *Otto v. Hongsermeier Farms*, 217 Neb. 45, 348 N.W.2d 422 (1984).

The evidence fully supports the denial of the Radtkes' motion for directed verdict and motion for judgment notwithstanding the verdict. See *Weston v. Gold & Co.*, 167 Neb. 692, 94 N.W.2d 380 (1959).

The judgment for AgriStor is affirmed. The judgment in favor of third-party plaintiffs, Radtkes, against third-party defendant Platte Valley, including assessed costs, is reversed and set aside.

AFFIRMED IN PART, AND IN PART
REVERSED AND DISMISSED.