LIFE INVESTORS INSURANCE COMPANY OF AMERICA, A FOREIGN CORPORATION, APPELLEE, V. CITIZENS NATIONAL BANK OF WISNER, NEBRASKA, A CORPORATION, DEFENDANT AND THIRD-PARTY PLAINTIFF, APPELLANT AND APPELLEE, JANICE GRALHEER, PERSONAL REPRESENTATIVE OF THE ESTATE OF MERLE A. GRALHEER, DEFENDANT AND THIRD-PARTY PLAINTIFF, APPELLEE, UNITED LIFE INSURANCE COMPANY, THIRD-PARTY DEFENDANT, APPELLANT AND APPELLEE.

392 N.W.2d 771

Filed August 22, 1986.   No. 85-243.

Edward F. Pohren and Robert V. Dwyer, Jr., of Dwyer, Pohren, Wood & Heavey, for appellant and appellee Citizens National Bank.

Robert T. Grimit of Baylor, Evnen, Curtiss, Grimit & Witt, for appellant and appellee United Life.

Daniel A. Fullner of Moyer, Moyer, Egley & Fullner, for appellee Life Investors.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an action by the plaintiff-appellee, Life Investors Insurance Company (Life Investors), to recover an overpayment of insurance proceeds to the defendant-appellant, Citizens National Bank of Wisner (Citizens), and Janice Gralheer, personal representative of the estate of Merle Gralheer, under a policy of credit life insurance. A third-party action was filed by Citizens to obtain the benefits of a credit life insurance policy issued by the third-party defendant-appellant, United Life Insurance Company (United Life).

The trial court overruled the motion of Citizens to require Life Investors to select between fraud and mutual mistake of fact as a theory of recovery. Judgment was entered for Life Investors and against Citizens for $19,000 and interest taxed from October 6, 1982, at the rate of 12 percent. The trial court found there was no evidence to hold the estate of Merle Gralheer liable for any portion of the amount claimed due by Life Investors and dismissed the petition against the personal representative. Finally, judgment was entered for Citizens in the sum of $17,000 and against United Life.

Citizens, Life Investors, United Life, and Gralheer's personal representative all appeared at trial. The case between Life Investors and Citizens and the personal representative was held first, followed immediately by the case between Citizens and United Life. The evidence on the record in the first case was considered in the second case. The following facts and circumstances were brought out at trial.

Merle A. Gralheer died of cancer on February 7, 1982. He

was a debtor of Citizens' and was covered by Citizens' creditor group life insurance policy No. 28-10961 with Life Investors. This policy provided maximum coverage of $25,000 to Citizens for life insurance benefits payable upon the death of an insured debtor. Gralheer was also covered by United Life's creditor group policy No. 500-293. This policy also covered up to $25,000 on the bank's outstanding balance credit life insurance. Accounts were split 50-50 between the two insurance companies for the first $50,000, and Life Investors provided coverage for balances in excess of $50,000. Gralheer applied for credit life insurance with United Life in January 1980.

The contracts Citizens had with each of the insurance companies had similar provisions. Citizens was required to calculate the monthly premiums and remit them to the insurance companies. The premium for an individual would fluctuate as the individual's outstanding balance fluctuated. Citizens debited the borrower's checking accounts in the amount of the individual premium.

Gralheer's death precipitated the first claim under either policy. He had surgery for cancer in September 1981, and Citizens was notified of the diagnosis on September 12, 1981. On September 10, 1981, his loan balance was $34,000, and in February of 1982 it was $38,000. Each insurance company had received premiums sufficient to insure Gralheer's life for $19,000, half of the debt at the time of his death.

Shortly after Gralheer's death, George A. Haase, Jr., an officer of Citizens, filed a notice of claim for the entire $38,000 with United Life. United Life denied the claim. In September Haase filed a notice of claim with Life Investors. Life Investors paid Citizens the entire $38,000 later that month. Citizens then canceled the note signed by Gralheer. Haase testified that he did not file a notice of claim with Life Investors initially because he thought that United Life was the leading company on all the bank's dealings on credit life and that United Life would take care of the relationship between the two companies.

Shortly after Citizens received the $38,000, Charles Kraut, claims manager for Life Investors, contacted Haase, demanding the refund of an overpayment of $13,000. The $13,000 represented the difference between the $38,000 debt of

Gralheer and the $25,000 maximum coverage per debtor. The accounting department at Life Investors discovered the overpayment. Haase told Kraut the $13,000 would be returned, but not immediately because Citizens wanted to use the payment as a wedge against United Life. Citizens, however, did not refund the money to Life Investors. Life Investors later discovered that it had received premiums for only $19,000, half of the total $38,000 debt, and increased the amount of the refund demanded by an additional $6,000.

Kraut testified that the overpayment was the result of a loophole in the company's accounting system. He further testified that the overpayment would not have occurred if Citizens had listed the correct amount due it from Life Investors in the notice of claim.

At the close of the evidence, Citizens moved that the petition be dismissed for failure to prove the issues raised. The motion was overruled. Life Investors moved for a directed verdict in its favor in the amount of $19,000. The court found that Citizens admitted the overpayment when Haase told Kraut that Citizens was using the money as leverage in dealings with United Life. The court further found misrepresentation of fact in the proof of loss prepared by Citizens. The court entered judgment for Life Investors for the sum of $19,000 and taxed interest at 12 percent per annum from October 6, 1982, the date of the telephone conversation during which Citizens acknowledged that it was wrongfully holding the $13,000.

The trial court proceeded to hear testimony on the case between Citizens and United Life. The evidence introduced showed that Citizens' agricultural loans were all loans made on demand with interest due every 6 months. At the end of each 6-month period, when a demand was made for renewal, Citizens collected the interest and rewrote another demand note. Citizens did not require its customers who were covered by credit life insurance to sign a new certificate when a note was renewed. Gralheer's notes were periodically renewed, and he was not required to sign a new certificate of insurance. In December 1981, after Gralheer was diagnosed as having cancer, his note was renewed for $38,000.

The policy of insurance issued to Citizens by United Life

requires a debtor to complete a new certificate at the time of renewal or refinancing. Haase testified that neither his contact at United Life nor anyone else from United Life ever told him that the enrollment certificates had to be reissued each time a loan was renewed. Haase's contact at United Life, Melvin R. Faas, did not recall ever discussing with Haase whether it was necessary to write a new insurance certificate each time a loan was renewed. Haase testified that during the period of time from January 1980 until February 1982, he never required a bank customer to sign a new certificate when a note was renewed. He further testified that he had been involved with credit life insurance as an agent since 1973 and had never issued a new certificate on the renewal of a note.

United Life denied Citizens' notice of claim because Gralheer was diagnosed as having cancer before his note was renewed in December 1981. United Life claimed to have no liability under the provisions of its contract with Citizens. The contract specifically provided that debtors diagnosed as having heart disease or cancer would be limited in their coverage and in their eligibility for coverage. Since Gralheer's cancer was diagnosed in September, he was not eligible for insurance coverage under United Life's policy when his note was renewed in December. A return of the premiums paid United Life by Citizens in the amount of $59.13 was tendered by United Life but never cashed by Citizens.

United Life also moved for the dismissal of defendant's second amended petition. This was overruled. The court found that United Life waived the requirement for completing renewal certificates because, despite the fact that Citizens never completed any, United Life continued to do business with Citizens. The court further found that the coverage was restricted to the amount borrowed prior to the discovery of Gralheer's cancer and that the loan balance on September 10, 1981, was $34,000. Judgment was entered in favor of Citizens for $17,000, the amount of coverage for which premiums had been remitted in September 1981.

Citizens assigns as error that the lower court erred in failing to require Life Investors to elect between its alternative theories of recovery prior to the commencement of its case in chief and

that the court erred in awarding prejudgment interest as part of its judgment.

United Life assigns the following as error: The lower court erred in finding that United Life waived the requirement of a new certificate upon renewal of a loan. In addition, the lower court erred in failing to dismiss the third-party action, in failing to sustain the demurrer and motion for summary judgment, and in overruling the motion for judgment notwithstanding or for a new trial.

With respect to Life Investors' advancing alternative theories of recovery, we find no error. A party must proceed upon alternative, consistent theories at the same time or forever forgo one theory or the other. *Tobin v. Flynn & Larsen Implement Co.*, 220 Neb. 259, 369 N.W.2d 96 (1985). The essential elements required to sustain an action for fraudulent misrepresentation and for mutual mistake include the following in common: that a representation was made as a statement of fact, that it was untrue, and that the injured party relied upon or acted upon the untrue statement to his detriment. See, *Erftmier v. Eickhoff*, 210 Neb. 726, 316 N.W.2d 754 (1982); *Lamoreaux & Peterson v. Phelan, Shirley & Callahan*, 89 Neb. 47, 130 N.W. 988 (1911). See, also, *Nielsen v. Adams, ante* p. 262, 388 N.W.2d 840 (1986). The trial court correctly overruled the motion by Citizens to have Life Investors elect a theory before evidence was presented, since the theories advanced by Life Investors were not inconsistent.

The second error assigned by Citizens is that the lower court erred in awarding prejudgment interest to Life Investors. Life Investors did not request prejudgment interest in its petition or in its amended petition. Neb. Rev. Stat. § 25-804 (Reissue 1985) provides:

> The petition must contain . . . (3) a demand for the relief to which the party supposes himself entitled. If the recovery of money be demanded, the amount of special damages shall be stated but the amount of general damages shall not be stated; *and if interest thereon be claimed, the time from which interest is to be computed shall also be stated.*

(Emphasis supplied.) If a party does not pray for interest, none

can be recovered. *Higgins v. Case Threshing Machine Co.*, 95 Neb. 3, 144 N.W. 1037 (1914). The trial court was incorrect in awarding prejudgment interest in this case, since Life Investors had not requested it in its petition.

United Life argues that the lower court erred in failing to dismiss the third-party action. Third-party actions are governed by Neb. Rev. Stat. § 25-331 (Reissue 1985). The statute provides in part:

> At any time after commencement of the action, a defendant, as a third-party plaintiff, may cause a summons to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. . . . The court on its own motion, or motion of any party, may move to strike the third-party claim, or for its severance or separate trial if the third-party claim should delay trial, might tend to confuse a jury, or in any way jeopardize the rights of the plaintiff.

Citizens' original third-party petition was filed December 9, 1983. In the petition, Citizens refers to Life Investors as its "excess insurer," United Life as "primary insurer," and alleges that Life Investors acted as United Life's agent with respect to all credit life insurance claims submitted by Citizens. In Citizens' amended answer and third-party petition filed January 8, 1985, Citizens alleged that Life Investors and United Life had an agreement whereby United Life, under a separate contract with Citizens, was to act as Citizens' primary credit life insurer carrier and Life Investors as the excess credit life insurer. Citizens further alleged that it was advised to remit premium payments to United Life, which in turn remitted that portion of the premium attributable to excess insurance to Life Investors. Finally, Citizens alleged that Life Investors was acting as United Life's agent and that any overpayment was made in satisfaction of United Life's obligation.

On January 9, 1985, United Life filed its answer to the amended third-party petition. United Life answered that several causes of action were improperly joined in the third-party petition. United Life next answered that Citizens' first cause of action failed to state facts sufficient to constitute a

cause of action against United Life. Finally, United Life answered that the first and second causes of action were not in accordance with § 25-331 in that the third-party defendant was not a party who is or may be liable to Citizens for all or part of Life Investors' claim against Citizens.

Neb. Rev. Stat. § 25-806 (Reissue 1985) allows a defendant to demur to a petition only when one of several defects, including a defect of parties, appears on the face of the petition. If one of the defects exists, but is not apparent from the face of the petition, Neb. Rev. Stat. § 25-808 (Reissue 1985) allows the objection to be taken by answer. A demurrer goes only to those defects which appear on the face of the petition; where the alleged defect does not appear on the face of the petition, it becomes an affirmative matter which must be raised by the party seeking the benefit of the defect. *Smick v. Langvardt*, 216 Neb. 778, 345 N.W.2d 830 (1984).

In this case Citizens' petition, on its face, appeared to state facts sufficient to support a request for a summons under § 25-331 to join United Life as a third-party defendant. United Life correctly objected to the third-party action in its answer. The trial judge acted properly in allowing the trial to go forward with United Life as a third-party defendant, since Citizens' pleadings, if true, made United Life a proper third-party defendant in that United Life might have been liable for all or part of the plaintiff's claim against Citizens. The evidence at trial clearly showed, however, that there was no agency or contractual relationship between Life Investors and United Life. United Life was not liable to Life Investors in any manner whatsoever. The pleadings were not, in fact, true. At the conclusion of the evidence establishing that United Life had been improperly made a third-party defendant, the court should have, on its own motion, moved to strike the third-party claim and ordered a separate trial.

A third-party claim under § 25-331 may be asserted *when a third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant. Church of the Holy Spirit v. Bevco, Inc.*, 215 Neb. 299, 338 N.W.2d 601 (1983). See 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1446 (1971). The basic

function of third-party practice is the original defendant's seeking to transfer to the third-party defendant the liability asserted by the original plaintiff. *AgriStor Credit Corp. v. Radtke*, 218 Neb. 386, 356 N.W.2d 856 (1984).

While it is true that the granting of leave to file a third-party complaint is within the discretion of the trial judge, *Northwestern Bell Tel. Co. v. Woodmen of the World Life Ins. Soc.*, 189 Neb. 30, 199 N.W.2d 729 (1972), the requirements of the statute must first be satisfied. Here, since it was established at trial that United Life was not liable to Life Investors, the third-party petition should have been dismissed. Having decided this, it is not necessary to consider United Life's other assignments of error.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.

SHANAHAN, J., concurs in the result.