EDWARD O. SLAYMAKER, APPELLEE, V. KENNETH BREYER AND ELAINE BREYER, HUSBAND AND WIFE, APPELLANTS.

607 N.W. 2d 506

Filed March 10, 2000.    No. S-98-596.

C.J. Gatz and Todd B. Vetter, of Gatz, Fitzgerald & Vetter, for appellants.

William A. Wieland, of Healey Wieland Law Firm, and Forrest F. Peetz, of Peetz & Peetz Law Firm, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Kenneth Breyer and Elaine Breyer, husband and wife, are named as defendants in this personal injury action filed in the district court for Holt County, Nebraska, by Edward O. Slaymaker. The Breyers appeal from an order of the district court denying their motion to institute third-party proceedings seeking indemnity and contribution from Green Valley Irrigation, Inc. (Green Valley).

## PROCEDURAL HISTORY

In his petition filed November 5, 1996, Slaymaker alleged that he was injured on March 2, 1996, while working on a grain bin which was owned by the Breyers and situated on their real property. Slaymaker alleged that pursuant to a prior oral agreement with the Breyers, he was in the process of checking grain in a bin, which necessitated that he climb a ladder attached to the bin's exterior. He alleged that a rung of the ladder became loose as he grasped it, causing him to fall to the ground and sustain injuries. Slaymaker alleged that his injuries were proximately caused by the Breyers' negligence in failing to inspect and maintain the ladder, failing to warn him of the unsafe condition of the ladder, and failing to provide him with a reasonably safe place to work.

In an answer filed March 25, 1997, the Breyers denied the allegations of negligence and alleged that Slaymaker's injury "occurred without any negligence on the part of the defendants whatsoever" and that they "exercised due and proper care at all times relevant." The Breyers alleged assumption of risk and contributory negligence on the part of Slaymaker and further alleged, pursuant to Neb. Rev. Stat. § 25-21,185.07 (Reissue 1995), that

in the event there is a finding that the plaintiff's contributory negligence is in a percentage less than a percentage equal to the total negligence of all persons against whom recovery is sought, then it is alleged that the aforesaid contributory negligence chargeable to the plaintiff diminishes, proportionately, any award made herein.

On April 29, 1997, the district court entered a progression order scheduling a final pretrial conference for August 29 and establishing an August 1 deadline for completion of discovery and filing of all pretrial motions. Based upon stipulations of the parties, the court entered two subsequent orders extending the discovery deadline and continuing the pretrial conference to February 26, 1998. The record does not reflect any extension of the August 1, 1997, deadline for filing pretrial motions which was established by the initial progression order.

On February 26, 1998, the day of the scheduled final pretrial conference, the Breyers filed a motion to institute third-party proceedings against Green Valley and a proposed third-party petition which they sought leave to file pursuant to Neb. Rev. Stat. §§ 25-323 and 25-331 (Reissue 1995). In their third-party petition, the Breyers reasserted their denial of any liability for Slaymaker's injuries and alleged that the "sole and proximate cause" of the accident was the negligence of Green Valley in erecting the grain bin, including the attached ladder, prior to Slaymaker's accident. The Breyers further alleged that if they were adjudged liable to Slaymaker, Green Valley was liable to them for "contribution and/or indemnity."

Slaymaker filed an objection to the motion to institute third-party proceedings, asserting that it was filed late in the proceedings for purposes of delay; that the third-party claim was barred by the statute of limitations; that any claim Slaymaker may have

had against Green Valley was barred by the statute of repose; and that the proposed third-party proceedings would delay trial, confuse the jury, and jeopardize Slaymaker's interests. Following a hearing conducted immediately prior to the pretrial conference, the district court sustained Slaymaker's objections "for the reasons stated in the Motion" and denied the motion to institute third-party proceedings. On March 30, 1998, the court granted the Breyers' motion to reconsider this ruling and took the issue back under advisement.

On June 4, 1998, the district court entered an order generally denying the motion to institute third-party proceedings. The Breyers then commenced this appeal, assigning as error the overruling of their motion to institute third-party proceedings. We granted Slaymaker's petition to bypass.

## SCOPE OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *In re Application of SID No. 384*, 256 Neb. 299, 589 N.W.2d 542 (1999).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Interest of Alycia P.*, ante p. 258, 603 N.W.2d 7 (1999); *US Ecology v. State, ante* p. 10, 601 N.W.2d 775 (1999); *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 597 N.W.2d 394 (1999); *In re Interest of William G.*, 256 Neb. 788, 592 N.W.2d 499 (1999); *Crabb v. Bishop Clarkson Mem. Hosp.*, 256 Neb. 636, 591 N.W.2d 756 (1999). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *In re Application of SID No. 384, supra.* The jurisdictional issue posed in this case is whether the order denying the Breyers leave to institute third-party proceedings pursuant to § 25-331 is a final, appealable order.

Although we have reviewed such orders in the past, we have never done so in an appeal taken directly from the denial of leave to commence third-party proceedings. Rather, our review of such orders has been within the context of appeals taken from a subsequent judgment disposing of the action on the merits of the controversy between the plaintiff and defendant. See, *Employers Reins. Corp. v. Santee Pub. Sch. Dist. No. C-5*, 231 Neb. 744, 438 N.W.2d 124 (1989) (involving appeal from judgment for plaintiff entered upon bench trial); *Bank of Valley v. Shunk*, 208 Neb. 200, 302 N.W.2d 711 (1981), *disapproved on other grounds, Anderson v. Service Merchandise Co.*, 240 Neb. 873, 485 N.W.2d 170 (1992) (involving appeal from judgment entered upon granting of plaintiff's motion for summary judgment); *Northwestern Bell Tel. Co. v. Woodmen of the World Life Ins. Soc.*, 189 Neb. 30, 199 N.W.2d 729 (1972) (involving appeal following judgment entered upon jury verdict in favor of plaintiff). Similarly, in *AgriStor Credit Corp. v. Radtke*, 218 Neb. 386, 356 N.W.2d 856 (1984), we reviewed and reversed an order granting leave to commence third-party proceedings in an appeal from a subsequent judgment on the merits.

■ The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999). This case does not fit within the third category, because no judgment had been entered when the motion to commence third-party proceedings was filed. An order denying leave to file third-party proceedings pursuant to § 25-331 does not fall in the second category of final orders, because a "special proceeding" entails civil statutory remedies *not* encompassed in chapter 25 of the Nebraska Revised Statutes. See, *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998); *SID No. 1 v. Nebraska Pub. Power Dist.*, 253 Neb. 917, 573 N.W.2d 460 (1998). Thus, our analysis is narrowed to the question of whether the order fits within the first category, i.e.,

whether it "affect[s] a substantial right" *and* "in effect determines the action and prevents a judgment."

To resolve this issue, it is necessary to examine the nature of the third-party practice procedure codified in § 25-331, which was patterned on rule 14 of the Federal Rules of Civil Procedure. *Employers Reins. Corp. v. Santee Pub. Sch. Dist. No. C-5, supra*; *Church of the Holy Spirit v. Bevco, Inc.*, 215 Neb. 299, 338 N.W.2d 601 (1983). Section 25-331 requires leave of the trial court before filing a third-party complaint, and whether to grant such leave is entrusted to the discretion of the trial court. *Employers Reins. Corp. v. Santee Pub. Sch. Dist. No. C-5, supra*; *Life Investors Ins. Co. v. Citizens Nat. Bank*, 223 Neb. 663, 392 N.W.2d 771 (1986). Generally, a trial court may exercise its discretion to permit the filing of a third-party complaint only if it is shown that the proposed third-party defendant is or may be liable to the defendant and third-party plaintiff for all or part of the plaintiff's claim. *AgriStor Credit Corp. v. Radtke, supra*. Thus, a third-party claim under § 25-331 may be asserted when a third party's liability is in some way dependent upon the outcome of the main claim or when the third party is secondarily liable to the defendant. *Dammann v. Litty*, 234 Neb. 664, 452 N.W.2d 522 (1990); *Schuyler State Bank v. Cech*, 228 Neb. 588, 423 N.W.2d 464 (1988); *Church of the Holy Spirit v. Bevco, Inc., supra*. The basic function of third-party practice is the original defendant's seeking to transfer to the third-party defendant the liability asserted by the original plaintiff. *Id*. We note that under rule 14, an order denying leave to assert a third-party claim is not considered an appealable order because the "[d]efendant is free to assert the third-party claim as a separate suit." 6 Charles A. Wright et al., Federal Practice and Procedure: Civil § 1463 at 470 (2d ed. 1990).

The Breyers argue, however, that the denial of leave to file their third-party petition affects their substantial rights under Nebraska's comparative negligence law. Neb. Rev. Stat. § 25-21,185.10 (Reissue 1995) provides:

> In an action involving more than one defendant when two or more defendants as part of a common enterprise or plan act in concert and cause harm, the liability of each

such defendant for economic and noneconomic damages shall be joint and several.

In any other action involving more than one defendant, the liability of each defendant for economic damages shall be joint and several and the liability of each defendant for noneconomic damages shall be several only and shall not be joint. Each defendant shall be liable only for the amount of noneconomic damages allocated to that defendant in direct proportion to that defendant's percentage of negligence, and a separate judgment shall be rendered against that defendant for that amount.

Section 25-323 provides:

The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in.

Any person whose negligence was or may have been a proximate cause of an accident or occurrence alleged by the plaintiff, other than parties who have been released by the plaintiff and are not subject to suit pursuant to section 25-21,185.11, may be brought into the suit by any defendant in the manner provided in section 25-331 or by any plaintiff in the manner provided in sections 25-849 and 25-852.

The term "defendant" in § 25-21,185.10 includes a third-party defendant brought into an action pursuant to § 25-331. *Lackman v. Rousselle*, 257 Neb. 87, 596 N.W.2d 15 (1999). The Breyers argue that by denying them leave to bring Green Valley into the action as a third-party defendant, the trial court extinguished their "right to join the third party defendant to allocate the negligence of the third party defendant for noneconomic damages" and imposed upon them "the entire burden of the plaintiff's damages that may be attributable to the third party defendant." Brief for appellants at 21.

■ Assuming without deciding that the order potentially affects a substantial right, we conclude that it is not a final, appealable order because it does not determine the action and

prevent a judgment. To determine the action and prevent a judgment, an order must dispose of the whole merits of the case and must leave nothing for further consideration of the court, and thus, the order is final when no further action of the court is required to dispose of the pending cause; however, if the cause is retained for further action, the order is interlocutory. *O'Connor v. Kaufman*, 255 Neb. 120, 582 N.W.2d 350 (1998); *Moulton v. Board of Zoning Appeals*, 251 Neb. 95, 555 N.W.2d 39 (1996). By its nature, the Breyers' claim against Green Valley is dependent upon the outcome of Slaymaker's negligence claim against the Breyers, which has yet to be resolved in the trial court. If the Breyers are successful in defending that claim, no issue of indemnity, contribution, or comparative negligence will ever arise. On the other hand, if Slaymaker obtains a final judgment against the Breyers, the Breyers would then have a right to an appeal in which they could obtain review of the order denying them leave to assert the third-party claim against Green Valley. Further action by the trial court is necessary before an appellate court can determine whether the order denying the Breyers leave to commence third-party proceedings affects a substantial right.

## CONCLUSION

We conclude that we lack jurisdiction in this matter because the order denying the Breyers' motion for leave to commence third-party proceedings is not a final, appealable order. Accordingly, the appeal is dismissed.

APPEAL DISMISSED.