Lance D. Bailey, appellee, v. Lund-Ross Constructors Co., a Nebraska corporation, appellant, and Merrimac Stone Co., a New Hampshire corporation, appellee.

657 N.W.2d 916

Filed March 21, 2003.   No. S-02-174.

Thomas A. Grennan and Francie C. Riedmann, of Gross & Welch, P.C., for appellant.

Michael F. Scahill and James D. Garriott, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee Merrimac Stone Co.

William E. Gast, P.C., L.L.O., and James E. Bachman for appellee Lance D. Bailey.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

Lund-Ross Constructors Co. (Lund-Ross) appeals the district court's order overruling its motion for leave to file a cross-claim against Merrimac Stone Co. (Merrimac). Lund-Ross sought to assert a cross-claim against Merrimac to proportionately diminish its liability to Lance D. Bailey, if any, by the percentage of contributory negligence attributable to Merrimac pursuant to Neb. Rev. Stat. § 25-21,185.10 (Reissue 1995). Lund-Ross appealed after the district court entered a "final judgment" pursuant to Neb. Rev. Stat. § 25-1315(1) (Cum. Supp. 2002). We moved the case to our docket pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## FACTUAL BACKGROUND

Bailey filed a petition naming both Lund-Ross and Merrimac as defendants. In his petition, Bailey alleged that Lund-Ross, as the general contractor of a building under construction in Omaha, Nebraska, entered into a contract with Merrimac to "perform, as sub-contractor, certain stone masonry services in connection with the construction of the aforementioned building." Bailey further alleged that in August 2000, he was employed by Merrimac and, during the course of his employment, assisted in placing stone masonry on the side of the building under construction while on scaffolding approximately 40 feet above ground level. Bailey asserted that as a direct and proximate result of Lund-Ross' negligent failure to safely construct and monitor the scaffolding, the scaffolding collapsed, causing him to fall and sustain injuries.

Bailey named Merrimac as a defendant "solely for the purpose of determining [Merrimac's] subrogation rights under the

Nebraska Workers' Compensation Law." Bailey prayed for both a determination of Merrimac's "rights and liabilities under the Workers' Compensation Act" and for a judgment against Lund-Ross for general and special damages.

Merrimac filed an answer in which it admitted all the allegations contained in Bailey's petition. Merrimac additionally alleged that it had paid workers' compensation benefits in the amount of $2,675 to Bailey for the injury Bailey suffered during the course of his employment with Merrimac. Merrimac asserted that pursuant to Neb. Rev. Stat. § 48-118 (Cum. Supp. 2002), it was entitled to recover from Lund-Ross "its workers' compensation subrogation interest" in the amount of $2,675.

Lund-Ross filed an answer admitting that it had entered into a contract with Merrimac to perform stone masonry services and that Bailey "fell from scaffolding" and "sustained some injuries" while working for Merrimac on the building under construction. Lund-Ross denied that its negligence either caused the scaffolding to collapse or caused Bailey to suffer injuries. Additionally, Lund-Ross alleged as an affirmative defense, inter alia, that Bailey was contributorily negligent in a percentage sufficient to bar his recovery. Lund-Ross prayed that Bailey's petition be dismissed.

After filing its answer, Lund-Ross filed an amended motion for leave to file a cross-claim against Merrimac on the following grounds: "1. [Lund-Ross] is entitled to a determination by the jury of the relative negligence or fault of Merrimack [sic] Stone Company; and 2. Evidence as to the negligence of Merrimack [sic] Stone will come into evidence, in any event, as to the issue of proximate causation." Lund-Ross attached a proposed cross-claim to its amended motion alleging that its liability to Bailey, if any, should be reduced by the extent of contributory negligence apportioned to Merrimac pursuant to § 25-21,185.10.

In an order dated January 9, 2002, the district court overruled Lund-Ross' amended motion for leave to file its proposed cross-claim. In response, Lund-Ross filed a "Motion for Determination of Final Judgment," in which it requested the court to determine that (1) the January 9 order overruling Lund-Ross' motion for leave to file a cross-claim was a final judgment and (2) there was

no just reason for delay of the entry of judgment so that Lund-Ross could immediately pursue an appeal.

In a February 5, 2002, order, the court granted Lund-Ross' motion. The court determined with respect to its January 9 order that

> pursuant to Neb. Rev. Stat. § 25-1315 . . . there is no just reason for delay of such final judgment and [the court] hereby expressly directs the entry of a final judgment denying Defendant's Amended Motion for Leave to File a Cross-Claim against Defendant Merrimac Stone Company and related entities. . . .
>
> . . . [T]he issues presented by the proposed Cross-Claim are issues that affect a substantial right of Defendant Lund-Ross Constructors Co.

Lund-Ross appeals the district court's denial of its motion for leave to file its proposed cross-claim.

## ASSIGNMENTS OF ERROR

Lund-Ross assigns that the district court erred in (1) overruling its amended motion for leave to file a cross-claim; (2) "ruling that a cross-claim against [Bailey's] employer, in order to permit the trier of fact to apportion negligence pursuant to Neb. Rev. Stat. § 25-21,185.07 et seq., would violate the 'exclusivity provision' of Neb. Rev. Stat. § 48-148"; and (3) "finding that the negligent employer's subrogation claim could not be reduced by its percentage of negligence."

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Slaymaker v. Breyer,* 258 Neb. 942, 607 N.W.2d 506 (2000); *In re Application of SID No. 384,* 256 Neb. 299, 589 N.W.2d 542 (1999).

## ANALYSIS

Before reaching the assignments of error asserted by Lund-Ross, this court must first determine whether it has jurisdiction. It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *Vopalka v.*

*Abraham,* 260 Neb. 737, 619 N.W.2d 594 (2000). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *In re Interest of Anthony R. et al.,* 264 Neb. 699, 651 N.W.2d 231 (2002); *Larsen v. D B Feedyards,* 264 Neb. 483, 648 N.W.2d 306 (2002).

The appeal of the district court's order denying Lund-Ross' motion for leave to amend was brought pursuant to § 25-1315(1), after the district court determined that "there is no just reason for delay of such final judgment." Explaining such determination, the court stated:

By ruling that the Order [dated] January 9, 2002, is a final judgment, the Court states that the issues presented by the proposed Cross-Claim are issues that affect a substantial right of Defendant Lund-Ross Constructors Co. Specifically, Defendant Lund-Ross Constructors Co. seeks to have the alleged negligence of Merrimac Stone Company considered by the jury for purposes of apportionment and, among other things, defeating the subrogation claim of Merrimac for workers' compensation benefits. This Court notes that, if the Nebraska Court of Appeals or the Nebraska Supreme Court were to ultimately reverse this Court's ruling denying the filing of the Cross-Claim after a trial on the merits, the case could ultimately be tried twice. This Court believes that it is in the best interest of judicial economy to declare the Order overruling the Motion for Leave to File Cross-Claim as a final order to allow an appeal to be taken forthwith by Defendant Lund-Ross Constructors Co.

The jurisdictional issue presented is whether § 25-1315(1) permits an immediate appeal of an order denying a motion for leave to assert a cross-claim.

Section 25-1315(1) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only

upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In *Keef v. State*, 262 Neb. 622, 627, 634 N.W.2d 751, 757 (2001), this court determined that "a 'claim for relief' within the meaning of § 25-1315(1) is equivalent to a separate cause of action, as opposed to a separate theory of recovery." Thus, "§ 25-1315(1) is implicated only where multiple causes of action are presented or multiple parties are involved" and the trial court expressly directs the entry of a final judgment as to one cause of action or party and expressly determines that there is no just reason for delay of an immediate appeal. 262 Neb. at 629, 634 N.W.2d at 758. See, also, *Scottsdale Ins. Co. v. City of Lincoln*, 260 Neb. 372, 617 N.W.2d 806 (2000); *Chief Indus. v. Great Northern Ins. Co.*, 259 Neb. 771, 612 N.W.2d 225 (2000).

■ In the instant case, Bailey's petition named both Lund-Ross and Merrimac as defendants. Thus, "multiple parties are involved." See § 25-1315(1). However, even though we have multiple parties, § 25-1315(1) still requires the entry of a "final judgment" before a party can utilize § 25-1315(1) to initiate an immediate appeal. See *Keef, supra.* This court has not had occasion to discuss when a decision is a "final judgment" for purposes of § 25-1315(1). See, *Keef, supra*; *Scottsdale Ins. Co., supra*; *Chief Indus., supra.* Since § 25-1315(1) is substantially similar to Fed. R. Civ. P. 54(b), we will look to federal cases construing rule 54(b) for guidance. See *Gernstein v. Lake*, 259 Neb. 479, 610 N.W.2d 714 (2000).

In an action involving either multiple claims or multiple parties, rule 54(b) permits a federal district court to enter a judgment as to fewer than all parties or claims, and such judgment is immediately appealable even though the action may continue as to the other parties or claims. 19 James Wm. Moore et al., Moore's

Federal Practice § 202.06[1] (3d ed. 2002). The purpose of rule 54(b) is

"to facilitate the entry of an order of final judgment in a multi-claim/multi-party action where the parties [demonstrate] a need for making review available on some of the claims or parties before entry of final judgment as to all . . . . The advent of the relaxed joinder provisions in the Federal Rules of Civil Procedure made necessary a revision of what could be considered a 'judicial unit' for purposes of appellate jurisdiction. Sound judicial administration warrants allowing appeal on some claims or parties before the entire case is finally adjudicated, but it does not warrant blurring the concept of finality as to a single claim or as to one party . . . . Rule 54(b) therefore does not countenance piecemeal review of a claim. . . ."

*Soliday v. Miami County, Ohio*, 55 F.3d 1158, 1163 (6th Cir. 1995) (quoting *COMPACT v. Metro. Gov. of Nashville & Davidson Co.*, 786 F.2d 227 (6th Cir. 1986)). A similar purpose is served by § 25-1315(1) in view of Nebraska's liberal joinder rules. See, e.g., Neb. Rev. Stat. §§ 25-311, 25-320, 25-701, and 25-705 (Cum. Supp. 2002).

Rule 54(b), however, does not dispense with the requirement of finality. Federal courts of appeals have jurisdiction of appeals from "final decisions" of federal district courts, 28 U.S.C. § 1291 (2000), and "Rule 54(b) does not and cannot relax in any way the statutory requirement of finality . . . ," 10 James Wm. Moore et al., *supra*, § 54.28[1] at 54-102. Thus, a federal court of appeals is not vested with jurisdiction over a decision that is not final within the meaning of 28 U.S.C. § 1291 by virtue of a rule 54(b) certification:

"If the district court enters judgment on something less than a final disposition of an entire claim, the Rule 54(b) judgment is improper, and the court of appeals is without jurisdiction to hear the appeal. Such a non-final ruling is an inherently interlocutory order that may not be made appealable under Rule 54(b)." 10 James Wm. Moore et al., *Moore's Federal Practice* § 54.22[2][a][i], at 54-43 (3d ed. 1998). Such a ruling may not be certified "regardless of whether the district court makes the requisite express

determination that there is no just cause for delay." 19 *id.* § 202.06[2], at 202-23.

*Information Resources v. Dun and Bradstreet,* 294 F.3d 447, 451-52 (2d Cir. 2002).

The requirement of finality is the second of three requirements for an appeal of a judgment as to fewer than all parties or claims pursuant to rule 54(b). To bring an appeal pursuant to rule 54(b):

"(1) [M]ultiple *claims* or multiple *parties* must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment."

*Information Resources,* 294 F.3d at 451. The standards of review applicable to these three requirements are as follows:

Because "[f]actors (1) and (2) address the issue of whether rule 54(b) applies at all to the circumstances of the case," they are reviewed *de novo.* . . . "Factor (3), on the other hand, is addressed to the ultimate decision to direct the entry of judgment; given the permissive nature of rule 54(b) . . . , this decision is left to the sound judicial discretion of the district court and is to be exercised in the interest of sound judicial administration."

(Citation omitted.) *Information Resources,* 294 F.3d at 451 (quoting *Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085 (2d Cir. 1992)).

■ We find the foregoing cases construing rule 54(b) persuasive. Rule 54(b) did not remove the jurisdictional requirement of finality within the meaning of 28 U.S.C. § 1291. See, *Information Resources, supra;* 10 James Wm. Moore et al., *supra,* § 54.28[1]. We therefore determine that for purposes of Nebraska law, the term "final judgment" as used in § 25-1315(1) is the functional equivalent of a "final order" within the meaning of Neb. Rev. Stat. § 25-1902 (Reissue 1995). Thus, a "final order" is a prerequisite to an appellate court's obtaining jurisdiction of an appeal initiated pursuant to § 25-1315(1). *Keef v. State,* 262 Neb. 622, 634 N.W.2d 751 (2001); *Tess v. Lawyers Title Ins. Corp.,* 251 Neb. 501, 557 N.W.2d 696 (1997). With the

enactment of § 25-1315(1), one may bring an appeal pursuant to such section only when (1) multiple causes of action or multiple parties are present, (2) the court enters a "final order" within the meaning of § 25-1902 as to one or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal. See, *Information Resources, supra*; *Keef, supra.*

Since multiple parties are present in the instant case, the issue before us is whether the district court's order denying Lund-Ross' motion for leave to assert a cross-claim against Merrimac is a final order within the meaning of § 25-1902. Pursuant to § 25-1902, an order is final for purposes of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered. *Keef, supra.* This case does not fit within the third category because no judgment had been entered when the motion for leave to file a cross-claim was filed. See *Slaymaker v. Breyer*, 258 Neb. 942, 607 N.W.2d 506 (2000). Neither does it fall within the second category of final orders because a "special proceeding" means civil statutory remedies not encompassed in chapter 25 of the Nebraska Revised Statutes. See Neb. Rev. Stat. § 25-812 (Reissue 1995) (repealed by 2002 Neb. Laws, L.B. 876). Thus, the issue becomes whether Lund-Ross' motion for leave to assert a cross-claim affects a substantial right and in effect determines the action and prevents a judgment.

This court has held that an order overruling a motion for leave to amend a petition to assert a new cause of action is not a final, appealable order. *Knoell Constr. Co., Inc. v. Hanson*, 208 Neb. 373, 303 N.W.2d 314 (1981). Additionally, in *Slaymaker, supra*, this court determined that an order denying leave to amend an answer to assert a third party claim is not a final, appealable order. We stated:

Assuming without deciding that the order potentially affects a substantial right, we conclude that it is not a final, appealable order because it does not determine the action and prevent a judgment. . . . By its nature, the Breyers' claim against Green Valley [Irrigation, Inc.] is dependent

upon the outcome of Slaymaker's negligence claim against the Breyers, which has yet to be resolved in the trial court. If the Breyers are successful in defending that claim, no issue of indemnity, contribution, or comparative negligence will ever arise. On the other hand, if Slaymaker obtains a final judgment against the Breyers, the Breyers would then have a right to an appeal in which they could obtain review of the order denying them leave to assert the third-party claim against Green Valley. Further action by the trial court is necessary before an appellate court can determine whether the order denying the Breyers leave to commence third-party proceedings affects a substantial right.

*Slaymaker*, 258 Neb. at 948-49, 607 N.W.2d at 511-12.

■ Assuming without deciding that the order denying Lund-Ross' motion for leave to assert a cross-claim against Merrimac affects a substantial right, we determine that it is not a final, appealable order because "it does not determine the action and prevent a judgment." See *id.* at 948-49, 607 N.W.2d at 512. It does not "dispose of the whole merits" of the pending negligence claim asserted by Bailey against Lund-Ross. See *id.* at 949, 607 N.W.2d at 512. Lund-Ross' cross-claim seeking apportionment is, similarly to *Slaymaker, supra*, "dependent upon the outcome" of Bailey's negligence claim against Lund-Ross, since no issue of apportionment will ever arise if Lund-Ross is successful in defending such claim. On the other hand, if Bailey obtains a final judgment against Lund-Ross, Lund-Ross would then have a right to an appeal, in which it could obtain review of the order denying leave to assert a cross-claim against Merrimac. See *Slaymaker, supra*. See, also, *Pyca Industries v. Harrison County Waste Water Mngmt.*, 81 F.3d 1412 (5th Cir. 1996) (determining that district court's denial of motion for leave to amend is not final for purposes of rule 54(b)); *Agretti v. ANR Freight System, Inc.*, 982 F.2d 242, 248 (7th Cir. 1992) (determining that district court's denial of motion to amend answer to include two cross-claims "is not considered a final judgment within the meaning of section 1291, title 28 of the United States Code").

We determine as a matter of law that the instant appeal does not satisfy the requirement of finality necessary to bring an appeal pursuant to § 25-1315(1) and that, as such, we are without

jurisdiction. Having so determined, we need not consider whether the district court abused its discretion by expressly determining that there was no just reason for delay of an immediate appeal of its order denying Lund-Ross' motion for leave to file its cross-claim. See, *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021 (2d Cir. 1992) (applying rule that even if appeal brought pursuant to rule 54(b) is determined to be final within meaning of 28 U.S.C. § 1291, appeals court still must determine whether district court abused its discretion in determining there was no just reason for delay); *United States General, Inc. v. Albert*, 792 F.2d 678, 681 (7th Cir. 1986) (stating that in determining whether jurisdiction is proper over appeal brought pursuant to rule 54(b), "[i]f we agree with the district court that its decision is final, we must then determine whether that court abused its discretion in certifying the decision as ready for appeal").

## CONCLUSION

The court is without jurisdiction over the instant appeal because the order denying Lund-Ross leave to assert a cross-claim against Merrimac is not a final, appealable order. Therefore, the appeal is dismissed.

APPEAL DISMISSED.