**Petition of INGERSOLL-RAND CO. To Perpetuate Testimony and Inspect Documents and Tangible Things.**

United States District Court
S. D. New York.
April 20, 1964.

Hopgood & Calimafde, New York City, for petitioner; Roy C. Hopgood, New York City, of counsel.

Kenyon & Kenyon, New York City, for Thor Power Tool Co., "expected adverse party"; George N. Hibben, Frank R. Thienpont, Hibben, Noyes & Bicknell, Chicago, Ill., of counsel.

WYATT, District Judge.

This is a petition under Fed.R.Civ.P. 27 by Ingersoll-Rand Company, a New Jersey corporation, to perpetuate testimony. Notice of an application to this Court for the order described in the petition was duly given to Thor Power Tool Company ("Thor"), a Delaware corporation, as "an expected adverse party". Fed.R.Civ.P. 27(a) (2).

The "names and addresses of the persons to be examined" (Fed.R.Civ.P. 27 (a) (1)) are set forth as follows:

James Weissenberg
Atomic Energy Commission Site Representative
% General Electric Company,
Evendale, Ohio.

H. H. Bartels
President, Ridge Tool & Die Company,
2700 West Lake Street,
Chicago, Illinois.

Matthew Eisenbeis,
9445 Greenwood Drive,
Des Plaines, Illinois.

Charles R. Davis,
2123 Parakeet,
Houston, Texas.

Counsel for Ingersoll-Rand and for Thor have been heard in oral argument and exhibits, supporting and opposing papers, and memoranda have been considered.

Donald K. Skoog was for some time prior to March 25, 1960 employed by Thor. Since early February 1961 he has been employed by Ingersoll-Rand.

On December 12, 1961 an application for a patent on a "fluid impulse torque tool" was filed by Skoog as assignor to Ingersoll-Rand.

In 1961 Thor commenced an action in the United States District Court for the Northern District of Illinois against Ingersoll-Rand and Skoog. Thor claims in this action that Skoog made his invention while employed by Thor and is required by agreement to assign the patent to Thor. The action seeks to compel an assignment to Thor.

On January 7, 1964 the patent—No. 3,116,617—duly issued to Ingersoll-Rand.

Meanwhile Ingersoll-Rand claims to have learned of evidence indicating a "public use" or "on sale" which if established would invalidate the Skoog patent and thus furnish a "hedge" to Ingersoll-Rand against loss of the Skoog patent in the Federal Court action in Illinois. 35 U.S.C. § 102(b) invalidates a patent if the invention was "in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States".

Discovery procedures sought by Ingersoll-Rand concerning the facts as to "public use" and "on sale" were denied in the Illinois Federal Court action by Judge Perry on December 9, 1963. His reasoning was that *ownership* of the patent was the sole issue before him and not its validity and "we cannot determine litigation that is not before us" (Ex. 8 to petition, p. 21). When counsel for Ingersoll-Rand suggested to Judge Perry the advisability (at least from Ingersoll-Rand's viewpoint) of preserving any documents relating to "public use" or "on sale", Judge Perry said that he would order Thor to preserve its records but had no jurisdiction over anybody else, although he would put in his order that "it is the earnest desire of the Court that those persons be notified to retain their records for the possibility of further litigation if and when the patent shall issue". (Ex. 8 to petition, p. 36). Judge Perry also suggested to Ingersoll-Rand that the way to accomplish its objective was "to file a suit to preserve that if you wish to. That would be the only way to do that, it would seem to me, a separate suit to preserve those matters; but there would have to be an issue." (Ex. 8 to petition, p. 35).

The petition at bar and the present application followed.

The petition must show "that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought". Fed.R.Civ.P. 27(a) (1).

Ingersoll-Rand does not make this precise averment. It says in the petition that there is "a substantial expectancy" that Thor will sue Ingersoll-Rand for infringement of the Skoog patent. The moving affidavit recites that petitioner "expects" that Thor "*if* successful in the Illinois suit" (emphasis supplied) will be the adverse party either in a patent infringement suit or in an action for declaratory judgment. The moving affidavit recites that "*should* Thor prevail in the Illinois suit, there is *a real likelihood*" that Thor will bring a patent suit (emphasis supplied). In explaining present inability to bring an action or cause it to be brought, Ingersoll-Rand says in the moving affidavit: "Petitioner has not sold any tools which might come within the patent, nor has Thor Power Tool Company made, against Petitioner, any charge of infringement."

■ While entirely sympathetic with the desire of Ingersoll-Rand to secure the testimony in question and while believing that the other points made by Thor are without merit, I am forced to conclude that there is no showing that "petitioner expects to be a party to an action". The difficulty is not so much the lack of such an averment; "a substantial expectancy" could be treated as an equivalent. See 4 Moore's Federal Practice (2d ed.) 1819. The difficulty is that there is no factual showing sufficient to support an expectation of an action. The possibility undoubtedly exists but no more; whether an action will be commenced is hypothetical and speculative.

In the first place, the expectancy is made to depend, by the petition and supporting papers, on the outcome of the Federal Court action in Illinois and on whether Thor succeeds in that action. The papers convey nothing as to the chances of this.

■ But even assuming that Thor is certain to win in Illinois, the expectancy of an action does not follow, for Ingersoll-Rand does not tell us that it intends to make or sell the patented article. Absent at least such an intention, there could be neither a suit by Thor for infringement nor a suit by Ingersoll-Rand for a declaratory judgment. There must be an "actual controversy" to support an action for a declaratory judgment (28 U.S.C. § 2201) and in a patent case this means at least "the immediate intention and ability" to make or sell an article giving rise to an "actual controversy". Wembley, Inc. v. Superba Cravats, Inc., 315 F.2d 87, 90 (2d Cir. 1963). Petitioner tells us nothing about its intentions in this regard.

Assuming that Ingersoll-Rand wins in the Federal Court in Illinois, facts are likewise missing to show that anything Thor is now doing or intending to do could support an action.

■■ As indicated, the other points for Thor are believed to be without merit. For example, the argument that documentary evidence cannot be obtained for a deposition under Fed.R.Civ.P. 27 is entirely unsound. There is no reason why a subpoena duces tecum should not issue under Fed.R.Civ.P. 45(d) in connection with a deposition under Fed. R.Civ.P. 27.

The petition is, however, defective in the respect set forth above.

Petition denied, without prejudice to a renewal upon a proper showing that petitioner "expects to be a party to an action * * *."

So ordered.