**Petition of INGERSOLL-RAND CO. to Perpetuate Testimony and Inspect Documents and Tangible Things.**

United States District Court
D. New York.

May 26, 1964.

———◆———

Hopgood & Calimafde, New York City, for plaintiffs.

Kenyon & Kenyon, New York City, for respondent.

WYATT, District Judge.

Ingersoll-Rand Company filed a petition under Fed.R.Civ.P. 27 to perpetuate testimony and gave notice to Thor Power Tool Company as "an expected adverse party" of an application for the order described in the petition.

The petition and application for an order were denied, with a memorandum opinion, by order filed April 20, 1964, D. C., 35 F.R.D. 122.

A primary reason for denial of the petition was that Ingersoll-Rand did not "tell us that it intends to make or sell the patented article".

Ingersoll-Rand now moves for reargument and renews its petition and application. An affidavit is submitted of the Executive Vice-president of Ingersoll-Rand who states that "Ingersoll-Rand knows it will commercially produce its impulse tool within the next two years".

Unless I am to disregard this sworn statement, the purpose of Ingersoll-Rand "to make or sell the patented article" seems now established.

It is also clear that Ingersoll-Rand and Thor are engaged in actual controversy. A denial of the petition might mean prejudice to one or both of the parties because evidence might be lost or be otherwise unavailable. To grant the petition "may prevent a failure or delay of justice" (Fed.R.Civ.P. 27(a) (3)) and in any event can cause little, if any, harm to Thor.

Giving Rule 27 a "liberal construction", to which it has been declared to be entitled (Petition of Ernst, D.C., 2 F.R.D. 447, 450; S.D.Calif.1942), I am inclined to grant the petition and application. See Martin v. Reynolds Metals Corp., 297 F.2d 49 (9th Cir. 1961); Mosseler v. United States, 158 F.2d 380 (2d Cir. 1946).

The motion for reargument is granted and on reargument the petition and application are granted.

Settle order on notice.