**In re Application of David J. CHECKO-SKY and Norman A. Aldrich for the Perpetuation of Certain Testimony and the Preservation of Other Evidence.**

**Misc. Action No. 92–103.**

United States District Court, District of Columbia.

April 21, 1992.

Richard H. Walker, Regional Adm'r, Edwin H. Nordlinger, Carmen J. Lawrence, Jeffrey R. Zuckerman, Henry Klehm III, Ellen H. Hausler, Janet A. Broeckel, New York City, for S.E.C.

Jay Kelly Wright, Geoffrey F. Aronow, Andrew T. Karron, Arnold & Porter, Washington, D.C., for petitioners.

## MEMORANDUM

OBERDORFER, District Judge.

Petitioners move for an order to perpetuate certain testimony and to preserve documentary evidence on the authority of Federal Rule of Civil Procedure 27. They cite publicly-reported allegations of impropriety in an ongoing Securities and Exchange Commission ("SEC") proceeding which involves the petitioners. Petitioners acknowledge that when the final SEC decision issues, it would be reviewable directly by the Court of Appeals, but claim that there is an immediate need for an order to preserve any evidence of impropriety for that potential appeal. The SEC has opposed and moved to dismiss the petition, arguing that this Court lacks jurisdiction to issue the requested order, as any interlocutory jurisdiction over SEC matters lies exclusively with the Court of Appeals; that if this Court has jurisdiction, it should decline to exercise it until petitioners exhaust administrative remedies and there is a final

agency order ripe for review; and that petitioners have failed to comply with Rule 27 insofar as they are seeking to discover evidence, not perpetuate it, and in any event have not shown an adequate reason for desiring to perpetuate it.

The Court has considered the briefs and arguments by counsel at a hearing on April 15, 1992. For the reasons stated below, the Court concludes that although it has jurisdiction to entertain the petition and the matter is ripe for decision, petitioners have not demonstrated that Rule 27 relief would be appropriate on the facts of this case. Accordingly, the SEC's motion to dismiss the petition will be granted, and the petition will be dismissed, without prejudice to petitioners' seeking such relief as may be available to them in the Court of Appeals.

## FACTS

Petitioners Checkosky and Aldrich are accountants who came under SEC scrutiny in 1983. After an investigation, the Commission authorized an administrative proceeding in May 1986, and filed an administrative complaint in November 1987. A hearing was held in summer of 1988. In September 1989, an administrative law judge issued an initial decision recommending that the petitioners be suspended from practicing before the Commission for five years. The full Commission heard argument on petitioners' application for review in April 1991, but the Commission has announced no final decision. At the April 15, 1992 court hearing, SEC counsel represented that a final decision in the administrative action will issue within the next six months.

In February of this year, the magazine *Business Week* printed an article critical of SEC chairman Richard Breeden. Petitioners' Exh. A. Among other things, the article discussed the pending administrative action involving petitioners. It reported that "in a confidential vote last summer three of the agency's other four commissioners" had decided to disapprove the ALJ's recommendation to sanction petitioners. It is unclear from the article whether the alleged vote was intended to be a final decision, or whether it occurred as part of the commissioners' continuing deliberations. In any event, according to the article, the decision was not acted on by Chairman Breeden, who reportedly disagrees with the decision and desires to delay it until a new commissioner can be confirmed and another vote taken that could "reverse" whatever the Commission did earlier. *Id.* at 116.

Petitioners now wish to investigate the facts as reported by *Business Week* as a predicate for seeking judicial intervention based on the Administrative Procedure Act, the Government in the Sunshine Act, the Securities Exchange Act of 1934, and the Due Process Clause of the Fifth Amendment. Toward this end, petitioners have met with agency counsel, but were told only that no final decision has been made, and that disclosure of the status of the SEC's deliberations would be "inappropriate." Petitioners' Exh. D. Petitioners also have filed a motion for discovery in their pending action before the Commission, as well as an FOIA request, in addition to the present petition. The motion before the SEC has been briefed but not yet decided, while the FOIA request yielded limited disclosure of certain agency materials, but has not been the subject of a lawsuit.

Apparently fearing that the SEC will delay or deny the pending discovery motion, petitioners have asked this Court for permission to perpetuate testimony under Rule 27 by deposing Chairman Breeden, the four other commissioners who participated in oral argument and the alleged "decision" in petitioners' case, the Secretary and the Executive Assistant to the Commission, and other SEC employees with knowledge of relevant events. Petitioners also seek preservation of documentary evidence in connection with these depositions. The Secretary to the SEC has averred that he is retaining copies of all documents relevant to petitioners' requests until a final decision has been issued. Katz Declaration ¶ 15.

The Court also received two recent letters from former Commissioner Edward Fleischman, one of the commissioners who

heard petitioners' case and allegedly voted on it. In the first, dated March 30, 1992, Fleischman wrote that "I feel duty bound to advise [the Court] that, for reasons I cannot reveal in a letter made part of the public record on this Application, I disagree with arguments made and conclusions presented to [the Court] on behalf of the Commission...." In the second letter, written April 14 in response to the Court's query as to whether Fleischman had intended to participate in the hearing, Fleischman declined to do so unless requested by the Court. Both letters were made part of the record in the present proceeding.[1]

## ANALYSIS

■ First, this Court has jurisdiction to entertain the present petition for Rule 27 relief. The rule by its terms applies to "any matter that may be cognizable in any court of the United States," Fed.R.Civ.P. 27(a)(1), and has been held to include agency matters that might be brought directly in the Court of Appeals. In *In re Application of John Does One and Two*, Misc. No. 86-0366 (D.D.C. Dec. 3, 1986), Judge John Pratt granted a Rule 27 petition to perpetuate expert testimony prior to filing of the SEC administrative action at which the testimony was to be used. He found that the fact that the proceeding might be reviewed in the Court of Appeals sufficed to make it "cognizable in a court of the United States," and thus within the scope of the district court's authority under Rule 27. Transcript at 25. Here, there also is a sufficient likelihood that petitioners' administrative action will be reviewed in the Court of Appeals. Accordingly, the petitioners are entitled to invoke this Court's jurisdiction under Rule 27.

Nor is this Court's jurisdiction impaired by the principles announced in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C.Cir.1984) ("*TRAC*"), and its companion case *Air Line Pilots Ass'n, Int'l v. CAB*, 750 F.2d 81 (D.C.Cir. 1984) ("*ALPA*"). Those decisions clarified and resolved the question of which court has jurisdiction over interlocutory appeals from an administrative proceeding, where the governing statute commits review of the final decision to the Court of Appeals. The court ruled that in such instances, the Court of Appeals has "exclusive jurisdiction to hear suits seeking relief that might affect its future statutory power of review" over the final agency decision. *TRAC*, 750 F.2d at 72; *ALPA*, 750 F.2d at 84.

The SEC argues that since review of its final decision in the petitioners' administrative proceeding is similarly vested in the Court of Appeals, *see* 15 U.S.C. § 78y(a), *any* relief granted by the Court on this petition "might affect [the Court of Appeals'] future statutory power of review," and thus is barred by *TRAC*. It notes that subsequent cases have held that the "might affect" language of *TRAC* must be broadly construed. *Jamison v. FTC*, 628 F.Supp. 1548, 1550 (D.D.C.1986). These arguments are inapposite in the context of a Rule 27 petition to perpetuate testimony.

The purpose of Rule 27 is simply to preserve evidence that otherwise would be in danger of being lost; by granting a Rule 27 petition, the district court in no way usurps the Court of Appeals' power to determine the ultimate weight and admissibility of that evidence. Unlike *ALPA*, where plaintiffs sought to place the issues of unreasonable delay and agency bias directly before the district court, or *Jamison*, where plaintiffs sought a preliminary in-

---

1. In an article published after the hearing on this petition, the *New York Times* summarized Fleischman's letters and reported that "senior officials at the commission, speaking on the condition that they not be identified, said that Business Week's account was largely accurate, with the exception of some details." Stephen Labaton, *Former S.E.C. Member In an Unusual Dissent*, N.Y. Times, April 16, 1992 (Exh. A to Petitioners' Supplemental Memorandum).

junction preventing the agency from pursuing an enforcement action against them, Rule 27 does not require this Court to express any opinion on the merits of petitioners' claims, but only as to whether there is evidence in danger of being lost. As shown in *John Does, supra,* this determination can be quickly and expertly made by the district court, without implicating the appellate courts' special "expertise concerning the agencies assigned them for review." *TRAC,* 750 F.2d at 78. Since deference to appellate expertise is the main policy reason for the *TRAC* doctrine, that doctrine does not apply where the district court is not required to address the merits of the agency matter. If the SEC's more expansive view of *TRAC* were to prevail, the district court would lack jurisdiction even to enforce subpoenas in most agency matters, a result the Court must reject.

■ Nor do the three related doctrines of exhaustion of administrative remedies, finality and ripeness preclude an exercise of Rule 27 jurisdiction. In *Gulf Oil Corp. v. Department of Energy,* 663 F.2d 296 (D.C.Cir.1981), Judge Gesell entertained claims that the agency was engaging in document destruction and *ex parte* communications during ongoing proceedings, and granted relief similar to that being sought here. The Court of Appeals rejected the agency's interrelated arguments that relief was barred by the exhaustion, finality or ripeness doctrines, since there were signs that something "may have gone fundamentally awry," *id.* at 309; that "the basic integrity of the agency proceeding [was] at issue," *id.* at 311; and that the dispute "was sufficiently urgent and the issue sufficiently joined." *Id.*

In the present case, petitioners' allegations of improprieties in the SEC proceeding are every bit as serious as the allegations made in *Gulf Oil,* although somewhat less substantiated than in that case, where the agency had admitted incidents of wrongdoing. *Id.* at 313. Still, the *Business Week* article provides some basis for petitioners' allegations. *Cf. Lewis v. Curtis,* 671 F.2d 779, 787 (3d Cir.), *cert. denied,* 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 144 (1982) (*Wall Street Journal* article provided sufficient basis for verification of the complaint in a shareholder derivative action). Moreover, since that article is to some extent corroborated by the first Fleischman letter and the *New York Times* article, *supra* note 1, it would be incongruous to hold that the Court is precluded as a matter of law from even considering whether petitioners are entitled to Rule 27 relief in this case. Accordingly, as in *Gulf Oil,* the possibility of relief is not precluded by the exhaustion, finality or ripeness doctrines.

■ Having found that petitioners are not barred from arguing the merits of their petition, the Court nonetheless concludes that the relief requested is not authorized either by the language of Rule 27 or by "the totality of the[ ] circumstances," *Gulf Oil,* 663 F.2d at 313, prevailing in this case. First, Rule 27 expressly refers to "[a] person who desires to perpetuate testimony." Fed.R.Civ.P. 27(a)(1). The case law makes clear that "perpetuation" means the perpetuation of *known* testimony, and that the rule may not be used as a substitute for discovery to determine whether a cause of action exists. *Ash v. Cort,* 512 F.2d 909, 912 (3d Cir.1975); *In re Boland,* 79 F.R.D. 665, 668 (D.D.C.1978). Petitioners' broad request for relief falls short of the Rule 27 requirement that a petitioner must make a narrowly-tailored showing of "the substance of the testimony which the petitioner expects to elicit from each" person deposed. Fed.R.Civ.P. 27(a)(1).

Moreover, since Rule 27(a)(3) requires the district court to find that "the perpetuation of the testimony may prevent a failure or delay of justice," most courts have held that a petitioner must make a particularized showing that the testimony needs to be taken in advance of the contemplated action.[2] Here, petitioners' much more gen-

---

2. *E.g., Lombard's, Inc. v. Prince Mfg., Inc.,* 753 F.2d 974, 976 (11th Cir.1985), *cert. denied,* 474 U.S. 1082, 106 S.Ct. 851, 88 L.Ed.2d 892 (1986)

(Rule 27 petition denied where it alleged only that witnesses were not "immune from matters of life (and death)" and that petitioner was

eralized concerns about the passage of time, the fading of memories, and the destruction of documents are adequately met by the SEC's representation that a decision will be rendered within six months. The sheer number of potential witnesses to the same events drastically reduces the risk that the demise of any one witness will harm petitioners' case. The resignation and entry into private life of agency officials does not seriously interfere with any deposition or other timely discovery. Further, Secretary Katz has declared that all relevant documents are being retained by the SEC pursuant to established policy. Given these circumstances, the petitioners have made not made the showing necessary to warrant Rule 27 relief.

These same circumstances also distinguish the facts here from the extraordinary situation in *Gulf Oil.* There the court found that an anticipated five-year delay in resolving agency proceedings gave substance to plaintiffs' concern about "widespread dispersion of agency personnel" and "the dimming of bureaucratic memories." 663 F.2d at 312 n. 86. Here again, the Commission has represented to this Court both that pending matters will be decided within the next six months and that steps are being taken to retain all documents relevant to the petitioners' claims. The relief sought is not warranted now.

---

"genuinely concerned" that documents could be destroyed); *Boland,* 79 F.R.D. at 667 & n. 2 ("Petitioner has not alleged ... that the potential deponents are aged, gravely ill, or preparing to leave the country ..."). *But see Mosseller v. United States,* 158 F.2d 380, 382 (2d Cir.1946)

("'the right to this relief ... does not depend upon the condition of the witness, but upon the situation of the party [petitioner], and his power to bring his rights to an immediate investigation.'").