LAWRENCE GERNSTEIN ET AL., APPELLEES,
v. EVELYN LAKE, APPELLANT.

610 N.W. 2d 714

Filed May 19, 2000. No. S-98-817.

Eugene G. Schumacher, of Sipple, Hansen, Emerson & Schumacher, for appellant.

Mark A. Keenan, of Moyer, Moyer, Egley, Fullner & Warnemunde, on brief for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Evelyn Lake appeals from an order of the district court for Colfax County granting Lawrence Gernstein, Lavern Gernstein, and Harold Gernstein's petition to perpetuate testimony pursuant to Neb. Ct. R. of Discovery 27 (rev. 1998) and overruling Lake's demurrer to said petition.

## SCOPE OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Slaymaker v. Breyer*, 258 Neb. 942, 607 N.W.2d 506 (2000).

■ An order granting a petition to perpetuate testimony is reviewed to determine whether the trial court abused its discretion. See, *Deiulemar Compagnia Di Navigazione v. M/V Allegra*, 198 F.3d 473 (4th Cir. 1999); *In re Bay County Middlegrounds Landfill Site*, 171 F.3d 1044 (6th Cir. 1999).

■ Inasmuch as the Nebraska Rules of Discovery are generally and substantially patterned after the corresponding discovery rules in the Federal Rules of Civil Procedure, Nebraska courts will look to federal decisions interpreting corresponding federal rules for guidance in construing similar Nebraska rules. See *Stanko v. Chaloupka*, 239 Neb. 101, 474 N.W.2d 470 (1991).

## FACTS

On May 1, 1998, the Gernsteins filed a petition in the district court for Colfax County seeking an order pursuant to rule 27 authorizing them to take the depositions of Lake and L.A. Thomas for the purpose of perpetuating their testimony. The Gernsteins alleged that they expect to become parties to an action cognizable by the district court for Colfax County, which is the county of residence of the expected adverse party, Lake. The Gernsteins claimed that they were not in possession of facts which are necessary to allege such action and that they were presently unable to bring such action or to cause it to be brought.

The Gernsteins further alleged that the subject matter of the expected action will be equitable, to impress a trust or secure an accounting for an amount of money received for them and on their behalf by Lake, but which Lake has failed to distribute to them. The substance of the testimony expected to be elicited from Lake is the establishment of a trust; the amount received; the terms of its conveyance; and the location and contents of any letters, checks, vouchers, receipts, deposit slips, bank accounts, and certificates of deposit or any other document evidencing the trust and the value of the trust. The substance of Thomas' testimony is expected to pertain to the establishment of the trust in the Union Safe Deposit Bank, documents relating to its establishment, the date of its establishment, and the source of the funds establishing the trust and their disposition.

On May 21, 1998, Lake demurred in response to the Gernsteins' petition. The demurrer asserted that the petition failed to state facts sufficient to constitute a cause of action pursuant to rule 27.

At a hearing on June 10, 1998, Lake's counsel argued that the petition failed to comply with rule 27(a)(1)(iii). Lake's counsel argued that the petition failed to show "the facts which he or she desires to establish by the proposed testimony and his or her reasons for desiring to perpetuate it." See rule 27(a)(1)(iii). The Gernsteins' counsel argued that one cannot know exactly what the party to be deposed is going to say at a deposition and that therefore the party bringing this type of action should not be required to know such specific facts. In response, Lake's counsel argued that there had to be some factual allegation before the court could grant a petition to allow one to take the deposition of another. It was also asserted that there had been no showing of a need to perpetuate Lake's testimony.

In its order filed July 29, 1998, the district court overruled Lake's demurrer and granted the Gernsteins' petition, thus allowing them to take the depositions of Lake and Thomas for the purpose of perpetuating their testimony.

## ASSIGNMENTS OF ERROR

Lake asserts that the district court erred (1) in failing to grant her demurrer, (2) in granting the Gernsteins' petition, and (3) in issuing an order which failed to comply with rule 27.

## ANALYSIS

 We first consider whether the order from which Lake appeals is a final, appealable order. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Pruett*, 258 Neb. 797, 606 N.W.2d 781 (2000). A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Slaymaker v. Breyer*, 258 Neb. 942, 607 N.W.2d 506 (2000). Notwithstanding whether the parties raise the issue of jurisdiction, an appellate court has a duty to raise and determine the issue of jurisdiction sua sponte. *Henderson v. Department of Corr. Servs.*, 256 Neb. 314, 589 N.W.2d 520 (1999). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to hear appeals from nonfinal orders. *City of Omaha v. Morello*, 257 Neb. 869, 602 N.W.2d 1 (1999).

Discovery orders generally are not subject to interlocutory appeal because the underlying litigation is ongoing and the discovery order is not considered final. See *Brozovsky v. Norquest*, 231 Neb. 731, 437 N.W.2d 798 (1989). *Brozovsky* involved a dispute between two individuals who each brought an action concerning the division and distribution of the assets of a corporation. One of the parties had filed proposed deposition questions applicable to both cases, which were met by objection on various grounds by the other party. The trial court overruled such objections and ordered the deponent to testify and make himself available for the deposition. A notice of appeal was then filed with respect to the trial court's decision on this issue. On appeal, we concluded that the orders appealed from were interlocutory, rather than final, and accordingly dismissed the appeal for lack of jurisdiction.

Activities pursuant to rule 27(a) are distinguishable from *Brozovsky* because the evidence is to be obtained and preserved before an action is brought. The general rule that discovery orders are not subject to interlocutory appeal should not be applied to rule 27, in which there is no ongoing litigation.

Since rule 27 is substantially similar to Fed. R. Civ. P. 27, it is appropriate for us to look to the federal decisions for guidance in determining jurisdiction and in interpreting rule 27. Inasmuch as the Nebraska Rules of Discovery are generally and substantially patterned after the corresponding discovery rules in the Federal Rules of Civil Procedure, Nebraska courts will look to federal decisions interpreting corresponding federal rules for guidance in construing similar Nebraska rules. See *Stanko v. Chaloupka*, 239 Neb. 101, 474 N.W.2d 470 (1991). See, also, *Nebraska Pub. Emp. v. Otoe Cty.*, 257 Neb. 50, 595 N.W.2d 237 (1999) (concluding that since interpretation of Neb. Rev. Stat. § 48-824(2)(c) (Reissue 1998), which was similar to § 8(a)(3) of National Labor Relations Act, was case of first impression, it was appropriate to look to federal decisions interpreting § 8(a)(3) for guidance); *Bluff's Vision Clinic v. Krzyzanowski*, 251 Neb. 116, 555 N.W.2d 556 (1996) (concluding that since Nebraska Fair Employment Practice Act is patterned after title VII of Civil Rights Act of 1964, it was appropriate to consider federal court decisions construing similar federal legislation).

Federal courts have held that the grant of a petition to perpetuate testimony is appealable as a final order because it grants all the relief sought in the petition and fully disposes of the proceeding. See, *Shore v. Acands, Inc.*, 644 F.2d 386 (5th Cir. 1981); *Mosseller v. United States*, 158 F.2d 380 (2d Cir. 1946). In *Mosseller*, the court noted:

> If such orders were not held final and appealable, a plaintiff who had taken a deposition could wait several years before deciding to bring suit and the putative defendant could not during this time question the propriety of the order by an appeal. So a plaintiff might later be able to bring the suit in another district, thus cutting off a direct right of appeal and leaving serious question as to the defendant's right to make a collateral attack upon the order by objection to introduction of the evidence in the second district.

158 F.2d at 383. Likewise, states which have rules similar to Fed. R. Civ. P. 27 that have considered the appealability of such orders have followed the federal rule and reached the same result. See, e.g., *Powers v. Planned Parenthood*, 677 A.2d 534

(Me. 1996); *In re Burlington Bagel Bakery*, 150 Vt. 20, 549 A.2d 1044 (1988). Therefore, we conclude that the order granting the Gernsteins' petition to perpetuate testimony under rule 27 is a final, appealable order.

We next proceed to consideration of whether the district court abused its discretion in granting the Gernsteins' petition. An order granting a petition to perpetuate testimony is reviewed to determine whether the trial court abused its discretion. See, *Deiulemar Compagnia Di Navigazione v. M/V Allegra*, 198 F.3d 473 (4th Cir. 1999); *In re Bay County Middlegrounds Landfill Site*, 171 F.3d 1044 (6th Cir. 1999).

Rule 27 provides in relevant part:

Depositions Before Action or Pending Appeal.

(a) Before Action.

(1) Petition. A person who desires to perpetuate his or her own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a petition verified by affidavit of the petitioner or his or her attorney in the district court of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show:

(i) The petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought;

(ii) the subject matter of the expected action and his or her interest therein;

(iii) the facts which he or she desires to establish by the proposed testimony and his or her reasons for desiring to perpetuate it;

(iv) the names or a description of the persons he or she expects will be adverse parties and their addresses so far as known; and

(v) the names and addresses of the persons to be examined and the substance of the testimony which he or she expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

(2) Notice and Service. The petitioner shall thereafter serve a notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court, at a time and place named therein, for the order described in the petition. At least twenty days before the date of hearing the notice shall be served in the manner provided for service of summons; but if such service cannot with due diligence be made upon any expected adverse party named in the petition, the court shall order service by publication in the manner provided in Rule 30 (b)(1)(B), and shall appoint, for persons not served in the manner provided for service of summons, an attorney who shall represent them, and, in case they are not otherwise represented, shall cross-examine the deponent. If any expected adverse party is a minor or incompetent the provisions of Neb. Rev. Stat. § 25-309 (Reissue 1989) shall apply.

(3) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written questions. The depositions may then be taken in accordance with these rules; and the court may make orders of the character provided for by Rules 34 and 35. For the purpose of applying these rules to depositions for perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.

The standard for evaluating the petition is whether "the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice." Rule 27(a)(3). See *In re Bay County Middlegrounds Landfill Site*, 171 F.3d 1044 (6th Cir. 1999). The district court did not specifically discuss the requirements of rule 27, but because the court granted the petition, we may infer that the court concluded that all the requirements had been met. We therefore proceed to examine each of the above requirements of rule 27.

Rule 27(a)(1)(i) requires that the petitioner show that he or she expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought. With respect to the first prong of this requirement, a satisfactory showing is made where it seems probable that there will be litigation arising out of the situation. *De Wagenknecht v. Stinnes*, 250 F.2d 414 (D.C. Cir. 1957). Whether there is a sufficient likelihood that the expected litigation will eventuate is a matter for the sound discretion of the court to which application to perpetuate is made. *Id.*

In *Petition of Ingersoll-Rand Co.*, 35 F.R.D. 568 (S.D.N.Y. 1964), the petitioner asserted that there was a substantial expectancy that the petitioner would be sued, and the court found that this satisfied the first requirement. Here, the Gernsteins' petition alleges that they expect to become parties to an action cognizable by the district court for Colfax County, which is the county of residence of Lake, the expected adverse party. We conclude that this is sufficient to satisfy the first prong of rule 27(a)(1)(i).

The second prong of rule 27(a)(1)(i) requires that the petitioner must presently be unable to bring the action or cause it to be brought. With regard to this requirement, there must be a true inability to bring the action at the time the petition is presented. See *Martin v. Reynolds Metals Corporation*, 297 F.2d 49 (9th Cir. 1961) (party seeking deposition must be unable to bring suit or cause it to be brought). See, also, *Shore v. Acands, Inc.*, 644 F.2d 386 (5th Cir. 1981). This requirement avoids abuse of the rule by potential plaintiffs who might try to use it as a means of discovery to enable them to draw a complaint. *Martin v. Reynolds Metals Corporation, supra.*

In *Petition of Ernst*, 2 F.R.D. 447 (S.D. Cal. 1942), the petitioner successfully asserted that he was unable to institute an action or cause one to be brought because the Internal Revenue Code provided that no suit or proceeding could be initiated by a petitioner before the expiration of 6 months from the date of filing a claim with the commissioner unless the commissioner rendered an adverse decision within that time. In *Shore*, the court found that the petitioner had failed to demonstrate an inability to presently file a suit. The petition showed only that the suit could

not be filed in the district of the petitioner's choice or against all desired defendants.

In the case at bar, the Gernsteins allege that they are presently unable to bring suit because they are not in possession of facts which are necessary to allege a cause of action. We conclude that the Gernsteins have not made a showing that they are presently unable to bring an action or cause it to be brought.

Next, under rule 27(a)(1)(ii), the petitioner must show the subject matter of the expected action and his or her interest therein. The Gernsteins have alleged that "[t]he subject matter of the expected action will be equitable, to impress a trust or secure an accounting for an amount of money received for and on behalf of petitioners by respondent but which respondent fails to distribute to them." There does not appear to be any federal case law that would raise the standard to anything other than a requirement that the petitioner must set forth generally the subject matter of the expected action. We conclude that the Gernsteins have satisfied this requirement.

Rule 27(a)(1)(iii) requires that the petition show the facts that the petitioner desires to establish by the proposed testimony and his or her reasons for desiring to perpetuate it. In discussing this requirement, courts have cited to *Arizona v. California*, 292 U.S. 341, 54 S. Ct. 735, 78 L. Ed. 1298 (1934), which was decided before the enactment of Fed. R. Civ. P. 27. The Court stated that to sustain an action to perpetuate testimony, it must appear that the facts the plaintiff expects to prove by the testimony of the witnesses sought to be examined will be material and competent evidence in the matter in controversy. The petitioner must show that depositions cannot be taken and perpetuated in the ordinary methods and that the taking of the testimony is made necessary by the danger that it may be lost by delay. *Arizona v. California, supra.* The petitioner is required to plead with particularity the risk that the testimony will be lost.

In *Penn Mut. Life Ins. Co. v. U.S.*, 68 F.3d 1371 (D.C. Cir. 1995), the court concluded that general allegations are not sufficient to demonstrate the need to perpetuate testimony. An allegation that a witness was retired and that with the passage of time, his ability to recall relevant facts and testify completely as to those matters might be impaired was insufficient. Similarly,

an unsubstantiated claim that there was a rapid turnover in personnel at a Veteran's Administration Hospital was held to be insufficient in *Petition of Rosario*, 109 F.R.D. 368 (D. Mass. 1986). A claim that two witnesses were not immune from the uncertainties of life and death was insufficient to allow the taking of the witnesses' depositions in *Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974 (11th Cir. 1985).

The Gernsteins have not set forth any reason why the testimony they wish to elicit must be preserved. They have not demonstrated any barriers such as age or illness that would require the perpetuation of this testimony or which would show that there is a danger the testimony will be lost if it is not perpetuated. The requirements of rule 27(a)(1)(iii) have not been met.

Pursuant to rule 27(a)(1)(iv), the petitioner is required to show the names or a description of the persons he or she expects will be adverse parties and their addresses so far as known. The Gernsteins have named the expected adverse party and have included her address in the petition. Therefore, they have satisfied this requirement.

Rule 27(a)(1)(v) requires the petitioner to show the names and addresses of the persons to be examined and the substance of the testimony the petitioner expects to elicit from each. Generally, this requirement has been interpreted to mean that the testimony to be perpetuated must be known to the petitioner. See *Application of Checkosky*, 142 F.R.D. 4 (D.D.C. 1992). *Application of Checkosky* held that the petitioners, who sought to obtain unknown information about the internal deliberations of the Securities and Exchange Commission, did not meet the requirements of rule 27 in that the testimony to be perpetuated must be "*known* testimony." 142 F.R.D. at 7. See, also, *State of Nev. v. O'Leary*, 63 F.3d 932 (9th Cir. 1995); *Ash v. Cort*, 512 F.2d 909 (3d Cir. 1975).

In *O'Leary*, it was the State of Nevada's goal to obtain information for use in future agency and judicial proceedings in which the state contemplated it would challenge various anticipated decisions approving a repository site by the Department of Energy, the Nuclear Regulatory Commission, and the Environmental Protection Agency. The Ninth Circuit held that

use of Fed. R. Civ. P. 27 was not appropriate where the petitioner sought discovery of unknown information that the petitioner hoped would assist it in the future. The information sought was essentially the thoughts, thought processes, knowledge, and scientific sources used by scientists who were involved in reports and studies pertaining to the suitability of Yucca Mountain as a site for a radioactive waste repository. The State of Nevada sought to depose 27 of the scientists participating in reports and studies in order to perpetuate their testimony for use in later agency and judicial review proceedings. Noting that rule 27 requires that the petition set forth the substance of the testimony which the petitioner expects to elicit, the court held, relying upon *Application of Checkosky*, that testimony to be perpetuated must be " 'known testimony.' " *O'Leary*, 63 F.3d at 936. It has also been stated that a rule 27 deposition is not to be used as a substitute for pretrial discovery and does not license the prospective plaintiff to engage in a " 'wholesale fishing expedition.' " *19th Street Baptist Church v. St. Peters Episcopal*, 190 F.R.D. 345, 347 (E.D. Pa. 2000).

In general, the Gernsteins set forth the nature of the testimony they expect to elicit from Lake and Thomas, but they do not describe the testimony and, in fact, admit that they cannot set forth what facts will be elicited. The petition admits that they are not in possession of facts which are necessary in order to state a cause of action. Although the information they seek may satisfy the requirement of being material and competent, they have not been able to satisfy the requirement that the testimony they expect to elicit is known to them.

The Gernsteins urge us to consider the differences between a code-based system of civil procedure, such as the one currently utilized in Nebraska, and a notice-based system taken from the Federal Rules of Civil Procedure, which has been adopted by a majority of the states. See Jack H. Friedenthal et al., Civil Procedure § 5.1 (2d ed. 1993).

Nebraska's system of code pleading has been in place since 1867. See *Christianson v. Educational Serv. Unit No. 16*, 243 Neb. 553, 501 N.W.2d 281 (1993). In *Christianson*, we explained in detail the history of our code-based system and its differences with respect to the federal notice-based system. We noted:

There are distinctive differences between the pleading requirements of Nebraska as a code pleading state, and the requirements of federal and federal-replica state pleading. Notice pleading requires only that a party set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A litigant is not required to state a cause of action, but must simply give the opposing party sufficient notice of the claim so as to be able to prepare to meet it. Friedenthal, Kane & Miller, *supra*, § 5.7. Although a pleader in notice pleading is required to refer to circumstances and events upon which the claim is based, the pleader is not required to allege a specific fact to cover every substantive element of the claim. *Id.*

In contrast to notice pleading, Nebraska law defines pleadings as "the written statements by the parties *of the facts* constituting their respective claims and defenses." (Emphasis supplied.) § 25-801. A "petition must contain . . . *a statement of the facts constituting the cause of action*, in ordinary and concise language, and without repetition . . . ." (Emphasis supplied.) § 25-804(2). The ultimate facts to be established should be alleged in a pleading. *State ex rel. Warren v. Kleman*, 178 Neb. 564, 134 N.W.2d 254 (1965). Facts are sufficient to constitute a cause of action when they are a narrative of the events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff. *Matheson v. Stork*, 239 Neb. 547, 477 N.W.2d 156 (1991).

*Christianson*, 243 Neb. at 559, 501 N.W.2d at 287.

The Gernsteins suggest that the differences between these two systems require us to allow pretrial discovery to a certain extent because of the higher standard required to be pled under a code-based system. However, this proposition is not supported by any authority. For example, similarly to Nebraska, the State of Maryland has not adopted strict "notice pleading." See *Eastern Shore Financial v. Donegal Mut.*, 84 Md. App. 609, 581 A.2d 452 (1990), *abrogated on other grounds, Aetna v. Cochran*, 337 Md. 98, 651 A.2d 859 (1995). See, also, *Shepter v. Johns Hopkins University*, 334 Md. 82, 637 A.2d 1223 (1994).

In *Allen v. Allen*, 105 Md. App. 359, 375, 659 A.2d 411, 419 (1995), the Court of Special Appeals of Maryland stated: "[R]ule [27] was not intended to serve as a discovery device to provide prospective plaintiffs with an opportunity to secure information in order to frame a complaint."

We decline to adopt a more liberal interpretation of rule 27(a)(1) than that of the federal courts. Even under our code-based system of pleading, rule 27 should not be used to discover facts for the purpose of framing a complaint.

Rule 27(a)(2) requires that the petitioner shall serve notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating the petitioner will apply to the court, at a time and place named therein, for the order described in the petition. The notice must be served at least 20 days before the date of the hearing in the manner described in rule 27(a)(2). There is nothing in the record to indicate the Gernsteins have satisfied the notice and service requirements. In order to satisfy such requirements, the Gernsteins would have had to serve notice upon Lake, the expected adverse party, at least 20 days before the date of the hearing. There is nothing to establish that Thomas was even given notice.

Rule 27(a)(3) provides that if the court is satisfied that perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the deposition shall be taken upon oral examination or written questions. The district court's order does not make this designation.

Although the language of rule 27(a)(3) appears to be broad in scope, it does not give the court discretion to act independently of the requirements as set forth above. The court should use the requirements of rule 27(a)(1) as a guideline to determine whether the perpetuation of testimony may prevent a failure or delay of justice. The Gernsteins have failed to establish that perpetuation of the testimony would be necessary to prevent a failure or delay of justice. See *Penn Mut. Life Ins. Co. v. U.S.*, 68 F.3d 1371 (D.C. Cir. 1995).

## CONCLUSION

A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Meints v. Meints*, 258 Neb. 1017, 608 N.W.2d 564 (2000). It is clear that the Gernsteins have not met the requirements of rule 27. For the reasons set forth herein, we conclude that the district court abused its discretion in ordering the perpetuation of testimony. Therefore, we reverse the judgment and remand the cause with directions to dismiss the petition.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.